IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CHADRICK FORD,<br>Institutional ID No. 00772155,<br>SID No. 05541082<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, *et al.*,<br><br>　　　　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:22-CV-00317-C |



**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. No objections were filed, and the time to do so has passed. The District Court independently examined the record and reviewed the findings, conclusions, and recommendation for plain error. Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge with one modification—although the Magistrate Judge recommended that Plaintiff's claims against Defendant Montford Unit should be dismissed without prejudice, the Court DISMISSES all of Plaintiff's claims WITH PREJUDICE for failure to state claim.[1]

This dismissal will count as a qualifying dismissal—or strike—under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

---

[1] Generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, Plaintiff was afforded the opportunity to amend his complaint and cure any defects in his claims against Defendant Montford Unit by his response to the Court's questionnaire. Doc. 16. The Court is not required to grant further leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined in the FCR, Plaintiff's claim against Defendant Montford Unit is fatally infirm. Thus, dismissal with prejudice is appropriate.

*See also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). **Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).**

Dismissal of this action does not release Plaintiff from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $605.00 pursuant to the PLRA.[2] He must also submit an application to proceed *in forma pauperis* and a 6-month certificate of inmate trust account at the same time he files his notice of appeal.

All relief not expressly granted and any pending motions are denied.

SO ORDERED.

Dated March __4__, 2024.

SAM R. CUMMINGS
Senior United States District Judge

---

[2] Prison Litigation Reform Act of 1995.